IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:10CV979-WKW |
| ) | |
| 2007 CADILLAC ESCALADE ) | |
| VIN: 1GYEC63897R323285, ) | |
| WITH ALL APPURTENANCES AND ) | |
| ATTACHMENTS THEREON, ) | |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

Plaintiff, the United States of America (hereinafter, "United States"), by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and Tommie Brown Hardwick, Assistant United States Attorney, brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit and condemn to the use and benefit of the United States the defendant property which was seized from Clarence D. Hicks in Locust Grove, Georgia, on or about July 28, 2010, for violation of 21 U.S.C. § 841(a), relating to drug distribution, possession and manufacturing.

### THE DEFENDANT IN REM

2. The Defendant property consists of the following:

    (a) a 2007 Cadillac Escalade, VIN: 1GYEC63897R323285, with all appurtenances and attachments thereon.

The Defendant property is presently in the custody of the United States Marshals Service.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881 and 18 U.S.C. § 981(a)(1)(C).

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Moreover, the Court will have control over the Defendant property pursuant to the service of an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the United States will execute upon the Defendant property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

6. The Defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) because it was used, or intended to be used, to transport, or in any other manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances in violation of Title 21 U.S.C. § 841(a); and pursuant to 21 U.S.C. § 881(a)(6) because it represents proceeds traceable to moneys or other thing of value furnished, or intended to be furnished by any person in exchange for a controlled substance in violation of 21 U.S.C. § 841(a).

## FACTS

7.      The facts and circumstances supporting the seizure of the Defendant property are as follows:

      a.      In 2007, the Montgomery Drug Enforcement Administration ("DEA") Group 40, commenced a drug trafficking investigation in the vicinity of Montgomery County, Alabama. The drug trafficking investigation involved the distribution of multiple kilograms of cocaine and multiple pounds of marijuana by and between Clarence Donya Hicks ("Hicks"), Garrick Brown ("Brown") and other individuals.

      b.      The DEA obtained a Court Order for telephone interceptions on Brown's telephone. On March 2, 2010, the DEA began monitoring Brown's telephone calls. During the monitoring period, telephone calls were intercepted between Brown and Sha Nash as they discussed Clarence Donya Hicks raising his prices on marijuana to purchase what was referred to as "the truck."

      c.      On March 4, 2010, a call was intercepted between Hicks and Brown, in which Hicks stated that he was getting the truck but the cost was $33,000.00, and he only had $22,000.00. Hicks also stated that they would not let him leave with the truck because he was "short." During the intercepted call, Hicks also stated that he was on his way to Montgomery [Alabama] to pick up money from Nash, Brown and others who owed him money for marijuana sales. Hicks added that he has to collect the money and return to Atlanta, Georgia to pick up the "truck." The DEA agents intercepted another call wherein Hicks stated that he purchased "a bad ass truck" (referring to a 2007 Cadillac Escalade, the defendant property). When asked the color of the truck, Hicks replied that it was "cocaine white."

3

  d. The United States is in possession of a sales receipt which states that a 2007 Cadillac, VIN: 1GYEC63897R323285, was purchased on March 9, 2010, by Clarence Hicks and Lakesha Roberts, for a total of $33,366.56, from a dealer in Montgomery, Alabama. Hicks clearly states that the Escalade was purchased in Atlanta. Therefore, the sales receipt appears to be fraudulent. The defendant property is titled in the names of Clarence Hicks and Lakesha Roberts. Lakesha Moore is also known as Lakesha Roberts. The cash price of the Escalade was $32,000.00, plus applicable fees and taxes, for a total of $33,366.56.

  e. On March 13, 2010, Hicks was driving the 2007 Cadillac Escalade in Wetumpka, Alabama, when he was stopped for a traffic violation. Hicks was also in possession of a small amount of marijuana and a pistol without a permit to carry it. Hicks appeared in Elmore County court, pled guilty to the charges, and was fined and released.

  f. Thereafter, several telephone calls were intercepted during the monitoring period in which the agents identified conversations that provide evidence that Hicks was transporting and distributing marijuana within the Middle District of Alabama, using the 2007 Cadillac Escalade.

  g. A subsequent Court Ordered telephone interception on Hicks' telephone revealed conversations between Hicks and his brother, Conrad Hicks. Hicks told Conrad Hicks that he wanted to rent a place in the Atlanta, Georgia area to start an indoor marijuana operation. Hicks further states that he had $100,000.00 worth of dope growing in a house across the street, and that he did not need help to maintain the dope. According to the intercept monitoring, Hicks had a similar conversation with Lakesha Roberts.

      h.     On July 22, 2010, Task Force Officer Edwin B. Spivey contacted the Henry County Sheriff's Department in McDonough, Georgia, and advised them that Clarence Donya Hicks had moved from Montgomery, Alabama to 521 Howell Drive 95, Locus Grove, Georgia. An investigation was initiated in Georgia based upon the intercepted call(s).

      i.     On July 28, 2010, a search warrant was served at 521 Howell Drive 95, Locus Grove, Georgia, where officers located and seized approximately 90 marijuana plants growing in the basement and bedrooms of the residence. The marijuana plants ranged from six inches to approximately seven feet tall. Agents also located ledgers in which Hicks kept a record of his marijuana grow operation by labeling each plant and recording the growth.

      j.     The DEA has been unable to identify a legitimate source of income for Clarence Donya Hicks. The DEA attributes Hicks' source of income to his illegal drug activities. Moreover, on June 10, 2010, Hicks pawned the title of the Cadillac at Title Max of Stockbridge, Georgia, to acquire $5,000.00.

      k.     On September 22, 2010, Clarence Donya Hicks filed a claim of ownership of the Defendant 2007 Cadillac Escalade, asserting that he is the owner of the defendant property, and made a request for the return of his property.

## CLAIM FOR RELIEF

The Defendant 2007 Cadillac Escalade was used, or intended to be used, to transport, or in any other manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances; it represents proceeds traceable to moneys or other thing of value furnished, or intended to be furnished by any person in exchange for a controlled substance; and it constitutes proceeds traceable to the exchange of money for a controlled substance pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(6).

WHEREFORE, the United States prays that the Defendant property be condemned and forfeited to the United States, that the United States be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted this 16th day of November, 2010.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY

/s/ Tommie Brown Hardwick
Tommie Brown Hardwick
Assistant United States Attorney

Address of Counsel:

Office of the United States Attorney
Middle District of Alabama
131 Clayton Street (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7106
E-mail: Tommie.Hardwick@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

STATE OF ALABAMA        )
COUNTY OF MONTGOMERY    )

### VERIFICATION

I, Edwin B. Spivey, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration, that I have read the Verified Complaint In Rem and know the contents thereof, and that the matters contained therein are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and, as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer with the United States Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct this _16_ day of November, 2010.

_____
Task Force Officer Edwin B. Spivey
Drug Enforcement Administration

Sworn to and subscribed before me this _16_ day of November, 2010.

_____
Notary Public
Commission Expires: _9.1.13_