IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-CV-979-WKW[WO] |
| | ) | |
| 2007 CADILLAC ESCALADE | ) | |
| VIN: 1GYEC63897R323285, with | ) | |
| all appurtenances and attachments | ) | |
| thereon, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On April 5, 2011, the United States of America ("the Government") filed a motion to strike (Docs. # 26-27) the March 28, 2011 claims filed by Clarence Hicks ("Hicks") (Doc. # 24) and Lakesha Moore a/k/a Lakesha Roberts ("Moore") (Doc. # 25) in this *in rem* civil forfeiture action against a 2007 Cadillac Escalade VIN: 1GYEC63897R323285 ("2007 Cadillac"). The Government argues that Hicks's and Moore's claims are due to be stricken because they were not signed by either claimant under penalty of perjury and they were untimely. (Doc. # 26, at 1.) Hicks and Moore responded (Docs. # 33-34), and the Government replied (Doc. # 36). For the following reasons, the Government's motion to strike is due to be granted.

On or about July 28, 2010, the 2007 Cadillac at issue was seized from Hicks in Locust Grove, Georgia, by the Henry County Sheriff's Department following execution of a search warrant that revealed approximately ninety marijuana plants growing in a residence occupied by Hicks. (Doc. # 1 ("Compl.") ¶ 7.) On September 22, 2010, Hicks filed a claim of ownership of the 2007 Cadillac and requested return of his property from the Drug Enforcement Administration ("DEA"). (Comp. ¶ 7; *see also* Doc. # 34, at 3-4.)

On November 16, 2010, the Government filed a verified complaint for forfeiture *in rem* against the 2007 Cadillac, alleging that it was used by Hicks in violation of 21 U.S.C. §§ 881(a)(4) and (a)(6). (Compl.) On December 7, 2010, the Government attempted to serve Moore at 2016 Station Court, Montgomery, Alabama 36116, the address provided by Hicks and Moore to the seizing agency at the time of seizure. (Doc. # 6; Doc. # 23, Ex. 1 ¶ 18.) Though Moore was not at the residence at that time, Hicks signed the process receipt and return form for Moore, writing "(Boyfriend)" next to his name. (Doc. # 6.) After serving Moore through Hicks, the Government made six subsequent attempts to personally serve Hicks at five addresses, but did not locate him. (Docs. # 7, 14, 19, 20, 21.) The Government also posted a Notice of Civil Forfeiture on the Government's official internet forfeiture site for at

least 30 days, from November 20, 2010 to December 19, 2010.  (Doc. # 10.)  On

December 22, 2010, the 2007 Cadillac was arrested by the United States Marshals

Service.  (Doc. # 12.)  On January 18, 2011, Titlemax filed a Notice of Filing of Claim

in this matter, which it later clarified also constituted its Answer to the Government's

Complaint.  (Docs. # 11, 13.)  Titlemax's claim is not at issue in this order.  On March

17, 2011, the Government filed an Application and Request to Enter Default against

Hicks, Moore, and all other persons and entities having an interest in the 2007

Cadillac who failed to timely file a claim or answer or otherwise defend in this matter.

(Doc. # 23.)

On March 28, 2011, Hicks and Moore filed substantively identical claims

stating that they were "contest[ing] the forfeiture and claim[ing]" and interest in the

"2007 Cadillac . . . . [r]elating to case # 2:10CV979WKW."  (Docs. # 24, 25.)  In their

separate filings, Hicks and Moore explained:

> I apologize for my delay but due to recent events I have been evicted
> from my home and have not had a consistent address.  And my ignorance
> of the court[']s procedure lead [sic] me to believe I would be contacted
> by the courts where I've made several appearances concerning the
> criminal matter of this case.  Currently my financial situation will not
> allow me to hire legal assistance but I plan to show the court proof of my
> purchase [of the 2007 Cadillac] with legally acquired funds.  And deny
> any sort of illegal usage of my vehicle.

3

(Docs. # 24, 25.)  The Government then filed the instant motion to strike Hicks's and Moore's claims pursuant to Rule G(8) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture ("Supplemental Rules") for (1) their failure to sign the claims under penalty of perjury pursuant to Rule G(5)(a)(i)(C), and (2) their failure to timely file the claims in compliance with 18 U.S.C. § 983(a)(4)(A).  (Docs. # 26-27.)

Section 983(a)(4) and the Supplemental Rules govern civil forfeiture actions and establish the statutory standing requirements for contesting forfeiture.  *See* 18 U.S.C. § 983; Rule G(1); *United States v. $12,126.00 in U.S. Currency*, 337 F. App'x 818, 819 (11th Cir. 2009).  Section 983(a)(4)(A) states that "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules . . . ."  18 U.S.C. § 983(a)(4)(A).  Rule G(5)(a) requires a claimant to timely file a verified claim in order to contest a forfeiture.  "A verified claim is a sworn notice of claim and is essential to confer[ring] statutory standing upon a claimant in a forfeiture action."  *United States v. $125,938.62*, 370 F.3d 1325, 1328 (11th Cir. 2004) (internal quotation marks and citation omitted).  Rule G(5)(a)(i) requires that the claim must "(A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest

in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D)." A claimant's ability to file such a claim is circumscribed by a timeliness requirement; "such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint."  18 U.S.C. § 983(a)(4)(A).[1]  The government is required to publish notification of the filing of the complaint within a reasonable time after filing the complaint for property worth $1,000 or more and publication may be accomplished by "posting a notice on an official internet government forfeiture site for at least 30 consecutive days."  Rule G(4)(a)(i) and (iv).

"A district court may require claimants in forfeiture proceedings to comply strictly with the [Supplemental Rule's] requirements in presenting claims to the court."  *$125,938.62*, 370 F.3d at 1328-29 (internal quotation marks and citations omitted).   However, as that language suggests, the court may require strict compliance, or it "may exercise its discretion by extending the time for the filing of a verified claim."  *Id.* at 1329 (internal quotation marks and citations omitted); *but see*

_____

[1] Further, under Rule G(5)(a)(ii), a timely claim must be filed, "(A) by the time stated in a direct notice sent under Rule G(4)(b); [or] (B) if notice was published but direct notice was not sent to the claimant or the claimant's attorney, . . . no later than 60 days after the first day of publication on an official internet government forfeiture site . . . ."

*Dresdner Bank AG v. M/V OLYMPIA VOYAGER*, 463 F.3d 1233, 1237 (11th Cir. 2006) (Compliance with Rule G(5)'s predecessor Rule C(6) is "obligatory in order for a party to have standing to challenge an *in rem* claim.") (internal quotation marks and citations omitted); *see also $12,206 in U.S. Currency*, 337 F. App'x at 820 (not an abuse of discretion to insist upon strict compliance with the Supplemental Rules). That said, the time limit for filing a verified claim "serves an efficiency purpose by forcing claimants to come forward as soon as possible so that all interested parties can be heard and the dispute resolved without delay." *$125,938.62*, 370 F.3d at 1328 (internal citations and quotation marks omitted).

Hicks's and Moore's untimely and improper claims are due to be stricken for failure to strictly or even substantially comply with the Supplemental Rules and § 983(a)(4)(A). First, it is undisputed by the parties that the claims filed on March 28, 2011 were untimely. In fact, the claims were untimely by more than two months pursuant to § 983(a)(4)(A)'s requirement that a claim be filed not later than thirty days after the Government's December 19, 2010 final publication of notice.[2] Further, despite the Government's detailed briefing of Hicks's and Moore's failure to comply

---

[2] Given the internet publication of the notice, the court need not address service on Moore on December 7, 2010 (Doc. # 6), the Government's repeated efforts to serve Hicks at various addresses he provided, or Hicks's actual notice of the forfeiture action. *See* Rule G(4)(b)(v).

with Rule G(5)(a)(i)'s responsive pleading requirements (Doc. # 27, at 4-5), neither Hicks's nor Moore's response stated his or her interest in the 2007 Cadillac under penalty of perjury in accordance with Rule G(5)(a)(i)(B)-(C).  (Doc. # 33, at 2; Doc. # 34, at 2.)  Thus, even if the facts were different and the court had been inclined to grant an enlargement of time,[3] Hicks and Moore have shown no indication that he or she can comply with the requirements of Rule G(5)(a)(i).  Therefore, the court finds that Hicks's and Moore's claims are due to be stricken for failure to strictly or substantially comply with the timeliness, content, and verification requirements of a

---

[3] The facts of this case show that Hicks and Moore are not due an extension of time for filing a verified claim.  *See $125,938.62*, 370 F.3d at 1329 (listing factors the court may consider when exercising its discretion to allow an enlargement of time).  Both Hicks and Moore admit they knew about the seizure of the 2007 Cadillac by the DEA before the Government filed the instant *in rem* forfeiture action on November 16, 2010.  (*See* Doc. # 34, at 3-6; Doc. # 33, at 3-7.) Further, on December 7, 2010, Hicks signed for and received a copy of the Verified Complaint and Warrant for Arrest *In Rem* at the very address provided to the DEA by Hicks and Moore. (Docs. # 1, 6, 33-34.)  The Warrant for Arrest In Rem clearly stated, "[A claim asserting interest in the Defendant property] must be filed no later than 30 days after the date of service of the Complaint or, as applicable, not later than 60 days after the first day of publication on the official internet government forefeiture website, www.forfeiture.gov."  Hicks's and Moore's actions make it clear that each had actual knowledge of the seizure and the Government's *in rem* action against the 2007 Cadillac.  Despite this knowledge, neither Hicks nor Moore timely requested an enlargement of time.  Instead, they each claim that they were in contact with the DEA, and that each received a letter in March 2011, stating that each individual's "petition for remission or mitigation was granted and that [he and she] needed to include certain language to satisfy the courts."  (Doc. # 33, at 2; Doc. # 34, at 2.)  However, neither Hicks nor Moore attached such a letter to explain his or her delay, despite attaching their earlier correspondence with the DEA before the Government filed this case.  Nor does their argument that they each lacked an address excuse their failure to timely respond where they had actual knowledge of the seizure and received the Complaint.

claim in interest of the 2007 Cadillac, and they are due no enlargement of time to file a claim in this case.

Accordingly, it is ORDERED that the Government's motion to strike (Doc. # 26) is GRANTED, and that Clarence D. Hicks's Claim (Doc. # 24) and Lakesha M. Moore's, a/k/a Lakesha Roberts, Claim (Doc. # 25) are STRICKEN.  It is further ORDERED that the court's Orders staying the Report of the Parties' Planning Meeting (Doc. # 29) and the Government's Application for Default Judgment (Doc. # 35) are LIFTED, and Titlemax and the Government shall file the Report of the Parties' Planning Meeting in accordance with the court's March 16, 2011 Order (Doc. # 22) on or before **July 7, 2011**.

DONE this 20th day of June, 2011.

_____/s/ W.  Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE