IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-CV-979-WKW |
| | ) | |
| 2007 CADILLAC ESCALADE | ) | |
| VIN: 1GYEC63897R323285, with | ) | |
| all appurtenances and attachments thereon, | ) | |
| | ) | |
| Defendant. | ) | |

## DECREE OF FORFEITURE

Before the Court is the United States of America's ("United States") Motion for

Decree of Forfeiture.  (Doc. # 44.)

On November 16, 2010, the United States filed a Verified Complaint of

Forfeiture *In Rem* pursuant to 21 U.S.C. § 881(a)(4), alleging that the 2007 Cadillac

Escalade ("Defendant property") was used, or intended to be used, to transport, or in

any other manner to facilitate the transportation, sale, receipt, possession, or

concealment of controlled substances in violation of 21 U.S.C. § 841(a); and pursuant

to 21 U.S.C. § 881(a)(6) because it represents proceeds traceable to moneys or other

thing of value furnished, or intended to be furnished by any person in exchange for

a controlled substance in violation of 21 U.S.C. § 841(a).  (Doc. # 1.)

It appearing that process was fully issued in this action and returned according to law:

Pursuant to a Warrant for Arrest *In Rem* issued by this Court on November18, 2010, all persons with an interest in the Defendant currency were required to file their claims with the Clerk of the Court within thirty (30) days of the execution of the Warrant for Arrest, publication of the Notice of Arrest, or actual notice of this action, whichever occurred first.  (Doc. # 3.)

Pursuant to a Warrant for Arrest *In Rem* issued by this Court, the Defendant property was served by a United States Marshal for the Northern District of Georgia on December 22, 2010.  (Doc. # 12.)

On  December 9, 2010, service was attempted on H & H Auto Sales, LLC, 5315-G Wares Ferry Road, Montgomery, Alabama 36116.  A United States Marshall made contact with the adjacent business and stated in the remarks section of Form USM 285 that "H & H personnel had not been there [over] a year ago." Another business occupied 5315-G Wares Ferry Road.  Process was returned unexecuted. (Doc. # 5.)

On  December 7, 2010, personal service was attempted on Lakesha Moore, 2016 Station Court, Montgomery, Alabama 36116. Clarence Hicks, a person of suitable age and discretion, accepted service by signing his name and noting in

parenthesis "(Boyfriend)." Lakesha Roberts, a/k/a Lakesha Moore, is listed as a co-owner of the Defendant property on the Motor Vehicle Dealer Title Reassignment Supplement dated March 9, 2010. (Doc. # 6.)

On December 22, 2010, service was attempted on Clarence Donya Hicks, c/o Henry County Jail, 120 Henry Parkway, McDonough, Georgia 30253. A United States Marshal included in the remarks section of the Form USM 285 that "12-22-10 person not located at above jail address. Deputy Anthony [ ] 4922." Process was returned unexecuted. (Doc. # 7.)

On December 22, 2010, David Little, Manager of TitleMax of Georgia, Incorporated, was personally served at 7348-B Davidson Parkway South, Stockbridge, Georgia 30281, by a United States Marshal with copies of the Verified Complaint for Forfeiture *In Rem*, Notice of Arrest and Seizure, and Warrant for Arrest *In Rem*. (Doc. # 8.)

On December 14, 2010, Gwen Burlington, Corporate Paralegal for TitleMax, was personally served at 15 Bull Street, Suite 200, Savannah, Georgia 31401, by a United States Marshal with copies of the Verified Complaint for Forfeiture *In Rem*, Notice of Arrest and Seizure, and Warrant for Arrest *In Rem*. (Doc. # 9.)

On February 7, 2011, service was attempted on Clarence Donya Hicks, 2016 Station Court, Montgomery, Alabama. A United States Marshal included in the

remarks section of Form USM 285 that "address listed above has a new tenant and Traffic Citation issued by MPD [on] 11/30/2010 has Hicks living @ 3434 Malabar Road, Montgomery." Process was returned unexecuted. (Doc. # 14.)

On February 7, 2011, service was attempted on Clarence Donya Hicks, 3434 Malabar Road, Montgomery, Alabama. A United States Marshal included in the remarks section of Form USM 285 that "spoke w/mother Carrie Banks. She stated he did not live [there] and other address was not current." The mother also stated that "he lived in Georgia." On March 4, 2011, a United States Marshal made a second unsuccessful attempt to serve Clarence Donya Hicks. A business card was left at the residence. Process was returned unexecuted. (Doc. # 20.)

On March 11, 2011, service was attempted on Clarence Donya Hicks, 90 Blueberry Hill Road, Titus, Alabama 36080. A United States Marshall included in the remarks section of Form USM 285 that "this was an old address." Process was returned unexecuted. (Doc. # 19). Also on March 11, 2011, service was attempted on Clarence Donya Hicks at 4501 Pine Park Drive, Montgomery, Alabama. A United States Marshal included in the remarks section of Form USM 285 that "no cars. Left USMS Business Card." Process was returned unexecuted. (Doc. # 21.)

Notice of said civil forfeiture action was posted on an official government internet site (www.forfeiture.gov) for a period of 30 consecutive days, beginning

4

November 20, 2010, and ending December 19, 2010, as required by Rule

G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset

Forfeiture Actions.  (Doc. # 10.)

On January 18, 2011, TitleMax filed a letter addressed to the Office of the Clerk

of the Middle District of Alabama, giving "Notice Of Filing Claim" which was

docketed as a claim.  (Doc. # 11.)

On February 7, 2011, TitleMax  filed notice that their claim (Doc. # 11) was

also filed as their Answer in this case.  (Doc. # 13.)

On March 17, 2011, the United States filed an Application to the Clerk for

Entry of Default against Clarence D. Hicks ("Hicks") and Lakesha Moore a/k/a

Lakesha Roberts ("Roberts"), and all other persons and entities having an interest in

the Defendant property for their failure to file a claim or answer within the time

permitted by applicable statutes and rules.  (Doc. # 23.)

On March 28, 2011, Hicks and Roberts filed claims to the Defendant property.

(Docs. # 24-25.)

On April 5, 2011, the United States filed a motion to strike the claims filed by

Hicks and Roberts.  (Docs. # 26-27.)  Hicks and Roberts responded (Docs. # 33-34),

and the United States replied.  (Doc. # 36.)

On June 20, 2011, this Court entered a Memorandum Opinion and Order

granting the United States' motion to strike the untimely claims filed by Hicks and Roberts.  (Doc. # 37.)

On July 12, 2011, default was entered against Hicks and Roberts and all other persons and entities having an interest in the Defendant property.  (Doc. # 43.)

On July 15, 2011, the United States and Claimant TitleMax entered into a Stipulation of Final Settlement and Release of All Claims (Doc. # 44, Ex. 1) in which TitleMax consented to the forfeiture of the Defendant 2007 Cadillac Escalade, VIN: 1GYEC63897R323285, with all appurtenances and attachments thereon, to the United States to be disposed of according to law.  Upon sale of the vehicle, the United States agreed to pay the claim filed by TitleMax (Doc. # 11) in the amount of $5,902.80, which includes interest.

No other claim or answer has been filed on behalf of any other party.

Accordingly, on motion of the United States for a Decree of Forfeiture, and for good cause shown, it is hereby **ORDERED**, **ADJUDGED** and **DECREED**:

1.      The Motion for Decree of Forfeiture is GRANTED (Doc. # 44);

2.      The Defendant 2007 Cadillac Escalade, VIN: 1GYEC63897R323285, with all appurtenances and attachments thereon, and the proceeds of sale thereof are hereby forfeited to the United States and no right, title or interest in the Defendant property shall exist in any other party;

6

3.    The total amount due to TitleMax is $5,902.80 and shall be paid as

follows: TitleMax, 15 Bull Street, Suite 200, Savannah, Georgia 31401.

The proceeds remaining after payment of TitleMax's claim are hereby

forfeited to the United States to be disposed of according to law;

4.    Each party shall bear their own costs.

DONE this 18th day of July, 2011.

_____/s/ W.  Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE